**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Johnnie WALKER, Defendant-Appellee.**

No. 75–2531.

United States Court of Appeals,
Fifth Circuit.

July 23, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 22, 1976.

GEWIN, Circuit Judge:

The United States appeals from the ruling of the district court granting a defense motion to suppress physical evidence seized from appellee Johnnie Walker in a warrantless search following his arrest, which was also effected without a warrant. We reverse.

On November 5, 1974, Johnnie Walker presented a $400 withdrawal slip on the account of Ricky Vandersmoot to a teller at the First State Bank of Bellaire, Texas. The teller discovered that the signature on the withdrawal slip did not match the authorized signature for that account, and so informed the bank's vice-president, Cook. Cook personally compared the signatures, concurred in the teller's evaluation, and he and the teller returned the slip to Walker, informing him of the discrepancy. Walker tore up that slip and wrote another in the presence of Cook and the teller; he was no more successful with this effort than with the first. Sergeant Davis, an off-duty Bellaire police officer working as a bank security guard, was summoned; he guided Walker to Cook's office, instructed him to sit down, and called the police.

Sergeant Shaull of the Bellaire Police Department responded. When Shaull arrived Davis told him that Walker had forged a withdrawal slip. Shaull interviewed the teller and Cook, and then personally compared the signatures and determined that they did not match. He advised Walker of his rights, arrested him for attempting to pass a forged instrument, and directed him to empty his pockets. Among the items thereby discovered was the letter that became the basis of the instant federal charge of possession of stolen mail in violation of 18 U.S.C. § 1708.[1]

At the hearing on Walker's motion to suppress, the defense took the position that since Davis effected the initial arrest of

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellant.

Mike DeGeurin, Asst. Federal Public Defender, Roland E. Dahlin, II, Houston, Tex., for defendant-appellee.

Before GEWIN, GODBOLD and SIMPSON, Circuit Judges.

1. Walker testified at the suppression hearing that Davis also searched him; the government did not call Sergeant Davis or anyone else present at that time so this testimony is uncontradicted. If Davis did in fact search Walker, however, it is clear that no evidence was discovered or seized as a result thereof. Shaull's testimony was that the letter was discovered when Walker, complying with Shaull's directions, emptied his pockets. Walker denied that he had possessed the letter and stated that he had never seen Shaull prior to the hearing.

Walker, the relevant inquiry was whether Davis had probable cause. The government position essentially was that for purposes of the search, the first arrest by Davis was irrelevant, and the pertinent issue was probable cause for the arrest by Shaull. The government presented only the testimony of Sergeant Shaull,[2] to which the defense objected on hearsay grounds. The court agreed with the defense that the appropriate inquiry was Davis's probable cause for the initial arrest. It granted a defense motion to strike Shaull's testimony as hearsay on the issue of Davis's probable cause and ordered the seized evidence suppressed.[3]

It is clear that the validity of the search in these circumstances depends upon the validity of the arrest, e. g., Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); if the arrest was legal, i. e., based upon probable cause, see Tex.Code Crim.Proc. art. 14.04; United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), the ensuing search was undoubtedly proper. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). The rather novel question presented by this case is upon which arrest[4] the probable cause inquiry should properly focus. We conclude that under the particular facts and circumstances present in this case, the relevant issue before the district court was whether probable cause existed for the arrest by on-duty police officer Shaull.

It is clear from the record that nothing was seized from Walker as a result of the first arrest by Davis. Moreover Shaull independently investigated the facts prior to arresting Walker. He questioned Davis, Cook, and the teller, and then he personally compared the discrepant signatures and concluded that Walker's was a forgery. This case therefore is distinguishable from those in which evidence is obtained as a direct consequence of an illegal arrest, e. g., Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); or where probable cause for a second arrest is discovered from the defendant himself, such as through his words or conduct as a direct result of an illegal first arrest, e. g., Hardinge v. State, 500 S.W.2d 870 (Tex.Cr.App. 1973); or where the arresting officer acts in reliance upon another officer's knowledge or representations without sufficient personal knowledge to constitute probable cause, e. g., Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Weeks v. Estelle, 509 F.2d 760 (5th Cir.), cert. denied, 423 U.S. 872, 96 S.Ct. 139, 46 L.Ed.2d 103 (1975). The Supreme Court in Wong Sun, supra, recognized that the connection between an illegal arrest and the discovery of challenged evidence may become sufficiently attenuated as a result of an investigation independent of the unlawful arrest. The Court specifically rejected a "but for" or proximate cause test:

We need not hold that all evidence is "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is "whether granting establishment of the primary illegality the evidence to which instant objection is made has been

---

**2.** The district judge offered at least twice during the course of the hearing to grant a recess so that the prosecution might secure Sergeant Davis's presence, but the government chose to rely solely on Shaull's testimony.

**3.** The court characterized the issues before it as follows:

[T]he issue here is whether or not the police officer who was off duty in the bank uniform clothes [Davis] had probable cause to arrest the Defendant. That is the issue.

Now, the secondary issue for this hearing is whether or not you can prove that by

hearsay without bringing in the officer who made the arrest. That is the bank guard. . . . This problem here is not a problem of law of arrest but how can you prove that was a lawful arrest.

**4.** The government does not, nor could it, seriously contest that under Texas law Davis in fact arrested Walker when he led him to, and detained him in, Cook's office. Tex.Code Crim. Proc. art. 15.22; Hardinge v. State, 500 S.W.2d 870, 873 (Tex.Cr.App.1973) ("An arrest is complete whenever a person's liberty of movement is restricted or restrained.").

come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

371 U.S. at 487–88, 83 S.Ct. at 417, 9 L.Ed.2d at 455. In the instant case, the only nexus between the first arrest and the second was the fact of Walker's detention at the scene; the second arrest was based entirely on Shaull's independent investigation of the facts. Thus, even assuming *arguendo* that Davis's arrest of Walker was illegal, it is obvious that the evidence seized by Shaull was not discovered through any exploitation of that initial arrest. To hold otherwise on these facts would be tantamount to adopting the "but for" test that the Supreme Court eschewed in *Wong Sun.*

 It should be clear that we do not here hold that an illegal initial arrest can always be cured by a subsequent arrest based upon probable cause. We merely hold that under the facts and circumstances disclosed by this record, the focus of the district court's inquiry at the suppression hearing should have been Shaull's arrest of Walker, not that of Sergeant Davis, and that therefore the court erred in striking Shaull's testimony.[5] Since the record on this issue was thoroughly developed below, we hold further that Shaull's arrest was supported by probable cause to believe that Walker had committed the offense charged, *i. e.*, attempting to pass a forged instrument. The subsequent search therefore was valid as pursuant to a lawful arrest.

REVERSED.

---

5. The arresting officer may give hearsay testimony at a pretrial hearing to establish probable cause. *E. g., United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).