**Jerry LUCKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58072.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 19, 1979.

Frank P. Smarzik, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Kenneth W. Sparks, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of burglary of a building, in violation of Section 30.02 of the Texas Penal Code. Punishment was assessed by the court at life, having found that the appellant had been twice previously convicted of felonies as alleged in the enhancement portion of the indictment.

In his first four grounds of error, appellant alleges that the evidence was insufficient to sustain a conviction since there was no proof of (1) a habitation, (2) a burglarious entry, (3) positive identification of the property taken, and (4) more than appellant's mere presence at the scene of the burglary.

The evidence reflects that Mrs. R. A. Milam, Jr., who lived at 6214 Belcrest in Houston, was awakened from a nap on August 9, 1976, at about 2:45 p. m. by two men who had driven up in the driveway of the

adjacent house next door at 6302 Belcrest. She then saw the appellant remove a window from an enclosed porch, open the trunk of the car which he was driving, and then apparently load an air conditioner into the car. The other man, wearing a white sailor cap, assisted the appellant. As the appellant drove off, Milam was able to see the license number of the car. Milam noted that she had seen both men in the house, and they had left the back door standing open when they departed.

Robert Martinez, the owner of the vacant house at 6302 Belcrest, stated that the structure had four walls, a roof, and was completely enclosed. He indicated that an entire panel of glass had been removed from the rear window of the enclosed porch, and an air conditioner was missing. The house was not open to the public, and Martinez did not give consent to the appellant to enter the house or to remove the air conditioner.

Investigation by the police revealed that the car seen by Milam belonged to the appellant. A latent fingerprint lifted from inside the window at the point of entry was identical with the left ring fingerprint of the appellant.

Officer J. B. Austin stopped appellant for a driver's license check at 3:30 p. m., also on August 9, 1976. A passenger in the car at that time was wearing a sailor hat. During the license check, the appellant opened the trunk of the car and removed an air conditioner hose at the request of an unidentified acquaintance. At that time Officer Austin saw a window air conditioning unit in the trunk. Although Officer Austin testified about seeing the air conditioner, the air conditioner itself was never entered into evidence.

Appellant's first ground of error alleges that the evidence was insufficient to prove that he entered a "habitation," as defined in Penal Code Section 30.01(1),[1] apparently based on the testimony of the owner of the building, Robert Martinez, that the house

1. Penal Code Section 30.01(1) provides that " 'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons, . . . ."

had little furniture in it and had been vacant for two and a half years.

Appellant relies on our opinion in *Jones v. State*, Tex.Cr.App., 532 S.W.2d 596, wherein we held that a completed but vacant and unused house with no furniture that had water but no other utilities connected was not a habitation "adapted for the overnight accommodation of persons."

■ Appellant's reliance is misplaced. The indictment charged appellant with the burglary of a "building." A building is defined in Penal Code Section 30.01(2) as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use."

We find the evidence sufficient to support the conviction for burglary of a building in this case. *Day v. State*, Tex.Cr.App., 534 S.W.2d 681. Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges that the evidence is insufficient to prove that there was a burglarious entry of the building in question. Penal Code Section 30.02(a) provides:

A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; . . .

Further, Penal Code Section 30.02(b) provides:

For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

The evidence showed that appellant was seen removing a window from an enclosed porch and was seen inside the house and then loading an air conditioner into his car. The evidence further provided that this building was not open to the public and that the *owner* had not given consent to the appellant to enter the house or to remove the air conditioner. We find the evidence

sufficient to show a "burglarious entry" of the building in question in this case. *Teniente v. State*, Tex.Cr.App., 533 S.W.2d 805. Appellant's second ground of error is overruled.

■ Appellant's third ground of error alleges that the evidence was insufficient to sustain the conviction when there was no positive identification of the air conditioner as being the air conditioner taken from the house at the time of the burglary. The testimony of Officers Kuehn and Austin in no way positively identified the air conditioner seen in appellant's trunk as being the same air conditioner taken from the house in question. This Court has held that when the *only proof* of a burglary is the possession of property claimed to have been recently stolen from a burglarized house, the evidence is insufficient if there is no positive identification of the property as being the property taken from the house at the time of the burglary. *Reyes v. State*, Tex.Cr.App., 468 S.W.2d 64. In this case, appellant's possession of the air conditioner was not the only proof of the offense offered. Appellant was seen entering the building in question, loading the air conditioner into his car, and fingerprints were found at the site of the burglarious entry. Appellant's third ground of error is overruled.

Appellant's fourth ground of error alleges that the evidence only established appellant's mere presence at the scene of the alleged crime. The evidence discussed above shows that appellant's contention is without merit. Appellant's fourth ground of error is overruled.

Appellant's final ground of error argues that police officer testimony concerning the air conditioner in appellant's trunk should have been suppressed because there was no evidence that consent was given for the "search" involved and that the appellant was initially stopped without a showing of probable cause.

■ The record reflects that Officers Austin and Kuehn initially stopped appellant for a routine driver's license check in

accordance with Article 6687b, Section 13, V.T.C.S. That statute reads in pertinent part:

. . . Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section.

The evidence further shows that the officers had twice before stopped appellant and issued citations for driving without a license. The latter of these two previous citations was issued one month before the stop of which appellant complains. Officer Kuehn related that he recognized appellant on sight and stopped the appellant because he thought there was a probability that he was still driving without a license based on his previous immediate history.

First, appellant's argument that consent was not given for the officers to "search" his trunk is without merit. Appellant testified that Officer Austin told him to open the trunk after the officer had searched his entire car. Officers Austin and Kuehn testified that while appellant was stopped for the license check, an apparent acquaintance of the appellant came up and asked if the appellant was through with his air conditioning hose. The appellant then opened his trunk to get the hose and the officers noticed an air conditioning unit lying in the trunk of the car. At that time the officers were not aware of the burglary earlier the same day and simply issued appellant a citation for driving without a license and left the scene.

■ Faced with conflicting testimony, the trial court overruled appellant's motion to suppress and found that the appellant had voluntarily opened the trunk, and that the officers' observation of the air conditioner in plain view was not a search and seizure in which consent was an issue. We agree. The trial judge, as fact finder in a hearing on a motion to suppress, may choose to believe or disbelieve any or all of the witness's testimony. *Clark v. State*, Tex.Cr.App., 548 S.W.2d 888. See also *U. S. v. Schoen*, 434 F.2d 931, *cert. denied*, 404 U.S. 845, 92 S.Ct. 147, 30 L.Ed.2d 82 (5th Cir. 1970).

Second, a recent Supreme Court opinion has addressed a driver's license check-stop question very similar to that which appellant raises. In the case of *Delaware v. Prouse*, —— U.S. ——, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979), the Court held:

Accordingly, we hold that except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment.

We must first determine whether this decision is to be applied retroactively.

In *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), the Supreme Court stated:

[I]f the law enforcement officers reasonably believed in good faith that evidence they had seized was admissible at trial, the "imperative of judicial integrity" is not offended by the introduction into evidence of that material even if decisions subsequent to the search or seizure have broadened the exclusionary rule to encompass evidence seized in that manner.

*Id.*, 422 U.S. at 537, 95 S.Ct. at 2317. The Court further held that any judicial enlargement of the exclusionary rule will be given retroactive effect only when "the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment" at the time it was conducted. *Ibid.* 422 U.S. at 542, 95 S.Ct. at 2320.

■ Given the above rationale, the police officers' actions here in stopping appellant for a driver's license check pursuant to Article 6687b, Section 13, supra, could not be seen as being in bad faith and in contravention of established law. *Leonard v. State*,

172 Tex.Cr.R. 394, 496 S.W.2d 596. Thus, any expansion of the exclusionary rule promulgated in *Delaware v. Prouse*, supra, will not be applied retroactively.[2]

We hold accordingly, that at the time in question the stop of appellant for a driver's license check was valid and that the testimony of the officers concerning seeing an air conditioner in the trunk of appellant's vehicle in plain view was properly admitted at the trial.[3] Appellant's fifth ground of error is overruled.

The judgment is affirmed.

2. We are therefore not called upon at this time to decide whether that part of Article 6687b, Section 13, supra, that allows any peace officer to stop and detain any motor vehicle operator for a driver's license check violates the Fourth Amendment prohibition against unreasonable searches and seizures.

3. We note that even if *Delaware v. Prouse*, supra, could have been applied retroactively in the instant case, the officers' actions in stopping the appellant would have been valid. The police officers' prior issuance of two citations to appellant for driving without a license, one a month before the stop in question, would seem to satisfy the Fourth Amendment standard enunciated by the Supreme Court that "there is at least articulable and reasonable suspicion that a motorist is unlicensed." *Id.* 99 S.Ct. at 1401.