**Hector RAMIREZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–055–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1983.

Rehearing Denied Oct. 6, 1983.

Jerrold R. Davidson, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of carrying a weapon on licensed premises. Punishment, enhanced by two prior felony convictions, was assessed at life in the Texas Department of Corrections. Appellant raises six grounds of error. The State did not file a brief.

■ In his first ground of error, appellant contends that his warrantless arrest was based upon an illegal search and that the handgun seized as a result of that search should not have been admitted into evidence. Since the question of whether a warrantless arrest or search is constitutionally valid can be decided only in terms of the concrete factual situation presented by each case, a review of the facts leading to appellant's arrest is required.[1] *Hardinge v. State,* 500 S.W.2d 870 (Tex.Cr.App.1973.)

■ Officer Reynaldo Martinez was patrolling the downtown area of Brownsville, Texas. Around 3:50 p.m. on Sunday, August 9, 1981, a man approached the police officer. The man told Officer Martinez that a Latin male wearing a yellow T-shirt had a gun in the nearby Lighthouse Bar. He described the man as having a tattoo of a knife on his right arm. At that time, Officer Martinez got in his patrol car and proceeded directly to the bar. Inside, Officer Martinez recognized one of the approximately eight patrons as matching the description given by the man on the street. Officer Martinez approached the table where he was sitting and ordered him to stand. As he did so, Officer Martinez saw a large bulge in his right pocket. He patted down the suspect and removed a gun from appellant's front pocket. Officer Martinez then arrested the suspect.

The appellant argues that the State failed to show sufficient probable cause to justify the warrantless search of appellant because there was no showing that the person who tipped Officer Martinez possessed first-hand knowledge of the facts or had

---

1. In reviewing the validity of a warrantless search, the appellate court considers the evidence developed at the pre-trial suppression hearing and the evidence developed in greater detail at trial. *McDole v. State,* 579 S.W.2d 7 (Tex.Cr.App.1979).

reasonably trustworthy information.[2] In his argument, appellant cites a number of cases which are of the "classic" informer variety.[3] Typically, these cases involve situations where the person providing information has a criminal background, or, for some reason, enjoys the confidence of criminals. As one commentator has noted, "The courts have quite properly drawn a distinction between such a person and the average citizen who by happenstance finds himself in the position of the victim of or a witness to criminal conduct and thereafter relates to the police what he knows as a matter of civic duty." W. LaFave, Search and Seizure: §§ 3.3–3.4 (1978).

In the present case, there is no evidence that the person supplying the information to Officer Martinez was anything other than a witness to the crime. The man told Officer Martinez that he was coming from the bar. In fact, Officer Martinez testified that he did not know the man who approached him. Appellant argues, however, that because the police officer did not know the man, or know that his information was reliable, the police officer's reliance upon the information was unreasonable. We do not agree. As noted in *Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.1972), probable cause requirements for warrantless searches have been met where officers acted immediately upon information furnished to them by witnesses to a crime without having to first investigate the reliability and credibility of those witnesses. *Frazier*, 480 S.W.2d at 378, and cases cited therein.

This case is further distinguishable from those cases cited by appellant in that the police officer used the obtained information only to investigate possible criminal activity. It is undisputed that immediately upon

receiving the information, Officer Martinez proceeded directly to the bar. At the time the officer entered the bar, he had uncorroborated information specifically describing appellant and indicating that he had a gun. He did not search or arrest appellant solely upon the information supplied by the man on the street. It was only after approaching appellant, who matched the given description, and observing the bulge that Officer Martinez patted down the appellant. It has been well established that a police officer may approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Onofre v. State*, 474 S.W.2d 699 (Tex.Cr.App.1972); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App. 1970).

By the time Officer Martinez observed the bulge in appellant's pocket, he had sufficient facts to justify a search under *Terry*, which permits a temporary detention for investigative purposes. In the process of patting down appellant, Officer Martinez determined that the bulge was a gun.

Under the totality of the circumstances in this case, we cannot find that Officer Martinez violated the basic purpose of the Fourth Amendment—the safeguarding of the privacy and security of individuals against arbitrary invasions by government officials. See: *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972); *Haynes v. State*, 475 S.W.2d 739 (Tex.Cr.App.1972). His actions were deliberate and considered. At no time did he react in any way which was unreasonable or unsupported by the facts. His measured response to the information that a crime was in progress was to investigate. This is not a case where the officer

---

**2.** Appellant did not contend at trial, nor does he contend on appeal, that appellant's warrantless arrest failed to meet the provisions of Art. 14.04 Tex.Code Crim.Pro.Ann. (Vernon 1977) which requires the State to make a showing that appellant was about to escape so that there was no time to procure a warrant—a showing which is "indispensable" under Art. 14.04. See: *Hardison v. State,* 597 S.W.2d 355 (Tex.Cr.App.1980), *Pearson v. State,* 657

S.W.2d 120 (1983). Hence, we do not address whether Art. 14.04 was violated.

**3.** Appellant's argument is based on *Augilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and its progeny. After appellant's brief was filed in this Court, the *Aguilar* standard was abandoned and replaced with a "totality of the circumstances" approach. *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

acted on an inarticulate hunch or suspicion. Before the officer placed his hands on the appellant, he had reasonable grounds for doing so. See: *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). We hold that the officer's action was reasonable under the circumstances and that the evidence obtained as a result of the warrantless search was properly admitted. Appellant's first ground of error is overruled.

 In his second, third and fourth grounds of error, appellant contends that the trial court committed fundamental error in its charge to the jury by authorizing a conviction on a theory not alleged in the indictment. Omitting the formalities, the indictment alleges that appellant did:

> "intentionally and knowingly carry on and about his person a handgun, while on certain premises issued a permit by the Texas Alcoholic Beverage Commission for the sale and service of alcoholic beverages issued to Light House Tavern, 1127 Adams Street, Brownsville, Cameron County, Texas."

In its charge to the jury, the court instructed the jury on the abstract law and on the law as it applied to the facts of this case. In the abstract portion, the court charged that the offense could be committed intentionally, knowingly or *recklessly.* The portion of the charge which applied the facts to the law allowed conviction only upon a finding that the appellant acted intentionally or knowingly. The part of the court's charge which an appellate court looks at in determining whether the charge is fundamentally defective is that portion which applies the law of the offense to facts of the case. *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr.App.1979); *Jones v. State,* 576 S.W.2d 393 (Tex.Cr.App.1979). There was no error in the application portion of the court's charge. No error is shown.

 We take this opportunity, however, to emphasize, as the Court of Criminal Appeals has repeatedly done in the past, that portions of the statute which could not be relied upon for conviction should not be included in the abstract portion of the court's charge. See *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App.1976). Appellant's second, third and fourth grounds of error are overruled.

In his fifth ground of error, appellant contends that the trial court erred in overruling his request for a mistrial after the State elicited hearsay testimony from Officer Martinez. The record shows that Officer Martinez testified that he was "approached by a citizen who stated that there was a man inside a bar on skid row who had a gun in his possession." Appellant voiced an objection which was overruled. Officer Martinez then testified that he went to the bar and parked his car outside. At that point, the trial court interrupted and a conference was held at the bench. The trial court then sustained appellant's objection "that any conversation that he (the officer) had with somebody else is hearsay, unless they can establish the presence of this Defendant." At appellant's request, the trial court instructed the jury to disregard what the citizen had said to Officer Martinez. Appellant then moved for a mistrial, and his motion was denied. Appellant now complains that the trial court erred in overruling the motion. Initially, we note that the case of *Smith v. State,* 574 S.W.2d 555 (Tex.Cr.App.1978), on which appellant relies to support his argument, is not on point. In that case, there was no issue of probable cause before the jury. In the present case, the law of probable cause was included in the court's charge and the jury was instructed to disregard any evidence obtained as a result of the search if they found that Officer Martinez lacked probable cause to believe that an offense was being committed.

 In cases where there is an issue of probable cause to arrest or search, as in the case here, hearsay is admissible on that issue. *U.S. v. Walker,* 535 F.2d 896 (5th Cir.1977). See *Adams v. State,* 552 S.W.2d 812 (Tex.Cr.App.1977); *Roberts v. State,* 545 S.W.2d 157 (Tex.Cr.App.1977).

 Moreover, Officer Martinez testified to the same events later in the trial. It is

**812**

well settled that defense counsel must object every time allegedly inadmissible evidence is offered, and that an error in admission of evidence is cured if the same evidence comes in elsewhere without objection. *Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App. 1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978). The appellant's fifth ground of error is overruled.

 In ground of error six, appellant contends that the trial court erred in admitting into evidence a .25 automatic pistol because the State failed to establish "the chain of possession." Appellant argues that the State had the burden of showing that the pistol was in the possession of Officer Martinez from the date of arrest until the day of trial, and that in so failing, possible alteration of the weapon occurred. This argument is without merit. If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in substantially unchanged condition. *Hammett v. State,* 578 S.W.2d 699 (Tex.Cr.App. 1979). Officer Martinez testified that the serial number of the gun introduced at trial matched the serial number of the gun seized from appellant and that the gun's condition was substantially the same as when it was taken from the appellant. The weapon was sufficiently identified as such, and the State was not required to establish a chain of custody. Appellant's sixth ground of error is overruled.

The judgment of the trial court is AFFIRMED.