## 138

Michael Albert TOMTISHEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-84-339-CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 24, 1985.

Thomas G. White, Corpus Christi, for appellant.

T.R. Bandy, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES, SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant pled nolo contendere to the misdemeanor offense of operating a motor vehicle in a public place while intoxicated. The court sentenced appellant to 90 days in the Nueces County Jail, probated the jail term for two years, and imposed a fine of two hundred fifty dollars.

Officer Linda Roberts arrested appellant after she observed him driving erratically. After much difficulty, she was eventually able to transport the appellant to the county jail.

After first insisting upon taking a breathalyzer test, appellant then refused to submit to such a breathalyzer examination. Appellant's refusal was recorded on video tape.

After the taping session, appellant was placed in the room where breath tests were administered, but continued his refusal to take the test. Appellant refused to sign a form indicating his refusal to submit to a breath test unless he could consult with an attorney. As Officer Roberts completed the paperwork necessary to book appellant, another officer, Sergeant Morgan, entered the room.

When that officer was informed that appellant refused to take a breath test, he informed appellant, "Boy, you're really making a mistake," and upon being asked by the appellant, he informed the appellant of the consequences of such a refusal. Appellant then took the test, telling Sergeant Morgan that Officer Roberts had not explained the consequences to him.

Officer Roberts testified that she had "very carefully" explained the consequences to appellant and that she told appellant he could not deny this because it was recorded on video tape.

In a single ground of error, appellant alleges the trial court erred in overruling appellant's motion to suppress the result of the breath test administered, after Officer Morgan's remarks, to determine alcohol concentration in appellant's blood. He argues the test was the result of badgering, and that there was no voluntary consent.

■ Appellant's consent, in order to be effective, must have been voluntary. *Turpin v. State*, 606 S.W.2d 907, 914 (Tex. Crim.App.1980). Whether the consent was

voluntary was a question for the trier of fact. *Id.* The trial judge is fact finder in a hearing on a motion to suppress. *Luckett v. State*, 586 S.W.2d 524, 527 (Tex.Crim. App.1979). As fact finder, the trial judge may choose to believe or disbelieve any or all of a witness' testimony. *Id.*

In the instant case, the court heard the evidence, observed the officer as she testified, and also viewed the videotape. Despite an absolute right to take the stand to controvert the officer's version of the events, appellant chose not to do so. The court then denied appellant's motion to suppress.

We have reviewed the record and find sufficient evidence to support the trial court's ruling. Though at times appellant refused to take the breath test, there was also evidence that before he arrived at the county jail, he insisted that he be allowed to do so. Officer Roberts also testified that after Sergeant Morgan's explanation to appellant, he "volunteered" to take the test without being asked again. Officer Roberts testified this was after she had told appellant he could take the test or not take the test, as it did not matter to her.

As previously stated, it was within the discretion of the trial court as trier of fact to weigh the evidence and make a decision whether appellant voluntarily consented to take the breath test. The court concluded that he did. Appellant's ground of error is overruled.

The judgment of the trial court is AFFIRMED.