**The STATE of Texas, Appellant,**

v.

**Maurice MITCHELL, Appellee.**

**No. A14–92–00730–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 25, 1993.

Discretionary Review Refused
June 9, 1993.

Karen Zellers, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is a State appeal from an order granting defendant/appellee's motion to suppress in a cause charging appellee with aggravated assault upon a peace officer. In one point of error, the State contends that the trial court erred in granting the motion. We agree.

Before trial, appellee filed a written motion to suppress evidence and testimony concerning the events surrounding the assault on Houston Police Officer Kenneth Simmons. Only two witnesses testified at the suppression hearing: Officer Simmons and Shon Mitchell—appellee's wife and the person who called police to the scene. Without making any formal findings of fact and conclusions of law, the trial court stated, that in this case, he disbelieved the officer, and thereby ordered the evidence excluded.

At a suppression hearing, the trial court is the sole factfinder. *Walker v. State*, 588 S.W.2d 920 (Tex.Crim.App.1979). In reviewing a motion to suppress, the appellate court is to view the evidence in the light most favorable to the trial court's ruling, and that ruling will not be reversed on appeal unless a clear abuse of discretion is shown. *Daniels v. State*, 718 S.W.2d 702 (Tex.Crim.App.1986).

In the early morning hours of October 27, 1991, the police computer dispatched a call to Officer Simmons, who was on patrol at the time, informing him of a family disturbance at 3706 Belk. Upon his arrival at the location, he met a female, Shon Mitchell, standing behind a vehicle in the driveway. According to Simmons, the female, who had a baby in her arms, was crying, very emotional and very nervous about him being there. The only information available to Simmons was the information from the computer, that the disturbance was called in from this location. After an attempt to elicit information from the distraught female failed, and still unable to determine the nature of the disturbance call, Simmons approached and entered the dimly lit house with the woman. A minute or so after Simmons entered the house, appellee entered the room and became visibly upset with his wife, Shon Mitchell, for calling the police. Simmons stated that appellee took the flashlight Simmons was holding, and shook it at his wife. When Simmons attempted to step between the two, appellee repeatedly struck him on the head with the flashlight. Simmons received several lacerations on the head, two of which required stitches. In addition, Simmons suffered from a bruised jaw and bruised gums.

Shon Mitchell testified that although she admitted to Simmons that there had been a family disturbance, she had requested him to leave and that everything was under control. She stated that she did not give the officer consent to enter the house and that her husband told Simmons that he did not have a warrant and therefore, did not want him in his house.

It is not disputed that Officer Simmons was called to the scene at the request of Shon Mitchell. Further, it is undisputed that Officer Simmons was in uniform and that the parties involved knew that he was a police officer. Finally, there is no indication in the record that Officer Simmons provoked appellee's reaction in any way other than entering his house.

The single issue to be decided by this appeal is whether evidence of crimes committed against police officers after they have unlawfully entered a home should be suppressed. We have found no Texas cases directly on point. We have however, found the reasoning and holdings of our sister states to be persuasive. *See State v. Boilard*, 488 A.2d 1380 (Me.1985); *State v. Burger*, 55 Or.App. 712, 639 P.2d 706 (1982); *Commonwealth v. Saia*, 372 Mass. 53, 360 N.E.2d 329 (1977); *People v. Klimek*, 101 Ill.App.3d 1, 56 Ill.Dec. 403, 427 N.E.2d 598 (1981).

Appellee urges that the trial court properly granted the motion to suppress because the evidence was tainted by the police officer's unlawful entry into his home in violation of the federal and state constitutions, and was properly excludable under the exclusionary rule. Warrantless searches are *per se* unreasonable, subject to a few specifically established, carefully drawn exceptions. *Katz v. State*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Warrantless entries into private homes for the purposes of search or investigation are equally unreasonable, except in those circumstances wherein an exception to the warrant requirements has been established. *See Payton v. New York*, 445 U.S. 573, 576, 100 S.Ct. 1371, 1374, 63 L.Ed.2d 639 (1980). Arguably, appellee's assault upon Officer Simmons could be explained by the alleged initial provocation resulting from the warrantless entry into his home. In that regard, appellee might find solace from a defense accorded to every man under our law, ensuring privacy in one's home and the right to protect his property from unwarranted intrusion. *See* Tex.Penal Code Ann. § 9.41 (Vernon 1974). However, we decline to hold that after an

unlawful entry, evidence of subsequent crimes committed against police officers must be suppressed.

Despite the illegality of the entry into Mitchell's home, it is beyond question that the exclusionary rule does not extend to suppress evidence of independent crimes against police officers taking place in reaction to an unlawful entry. The purposes of the exclusionary rule would not be well served by excluding such evidence. The results of such an extension would prove intolerable. *See* 4 W. LaFave, *Search & Seizure*, sec. 11.4(j) (1978). For example, a person who correctly felt that his home had been unlawfully entered by the police could respond with unlimited force and, under the exclusionary rule, could be effectively immunized from criminal responsibility for any action taken after that entry regardless of the circumstances. That cannot be an appropriate rule. *See, e.g., Burger*, 639 P.2d at 708.

Although a different section of our criminal code was at issue, the same reasoning was applied by our sister court, in *Matienza v. State*, 699 S.W.2d 626 (Tex.App.— Dallas 1985, pet.ref'd). In that case, after an arguably illegal detention, the defendant drew a gun on the officer and was arrested for attempted capital murder and possession of a prohibited weapon. The court held that the intervening criminal offense of pointing a weapon at the police officer purged the taint of any unlawful invasion by the police. The court stated that the intervening act was an act of free will and any police misconduct was not purposeful or flagrant. *Id.* at 628; U.S.C.A. Const.Amend. 14; Tex. Const. Art. 1, sec. 9; Tex.Code Crim.Proc.Ann. art. 38.-23. (Vernon 1979).

We therefore hold, under these facts, that appellee's intervening act of assaulting Officer Simmons with his flashlight purged the taint of any unlawful entry into appellee's home by the police.

The judgment of the trial court is reversed and remanded for further proceeding consistent with this opinion.

J. CURTISS BROWN, Chief Justice, concurring.

I concur. However, I believe that when one summons the police, and invites their intervention, such consent may not be withdrawn until the policemen have been afforded the opportunity of acting like policemen. In short, the wife having the right to invite persons into the home, equal to that of the husband, could not deny the officer the opportunity of reasonably satisfying himself that the problem was contained. While it is true that there are limits to the rights of the summoned officer, that limit had not been reached here. Surely, he was justified in his non-threatening conduct. Had he left and the woman been killed or injured, the hue and cry against him and law enforcement would have been great.