# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00324-CR

**Darrell Lynn Edison, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 9024079, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Darrell Lynn Edison appeals his conviction for retaliation against a public servant. *See* Tex. Pen. Code Ann. ' 36.06(a)(1)(A) (West 2003).[1] The jury assessed appellant≈s punishment, enhanced by a prior felony conviction, at imprisonment for six years. Appellant asserts that the trial court erred in failing to grant a continuance, in failing to suppress his retaliatory statement, and in failing to allow the jury to determine the lawfulness of his arrest. We will affirm the judgment.

---

[1] (a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

    (1) in retaliation for or on account of the service or status of another as a:

        (A) public servant, . . . .

Tex. Pen. Code Ann. ' 36.06(a)(1)(A) (West 2003).

Appellant was charged with Aintentionally and knowingly threaten[ing] to harm, in person, another, to-wit: Constable Lucy Neyens, by an unlawful act, to-wit: stating that he will shoot said constable with a gun, in retaliation for and on account of the service of the said Constable Lucy Neyens a public servant.@ Deputy Constable Lucy Neyens was a public servant. *See* Tex. Pen. Code Ann. ' 1.07(4) (West 2003). Officer Neyens, accompanied by three other officers, arrested appellant by authority of a capias issued on grounds that appellant was in contempt of court for his failure to make child support payments as ordered by a district court judge. After his arrest, and while being transported to jail, appellant threatened Officer Neyens. Neyens testified, A[h]e said, >I have got something for you. You had better stay on guard 24/7. I am going to shoot you b _ _ _ h. It is open season on cops, mother f _ _ _ _ r. Public servant records are on Public Data. I will get your f _ _ _ _ _ g ass. Fifty millimeter can get you from 500 yards. You gonna put your hands up when I pull my gun? You wait. I am about to show you what I am talking about. You just f _ _ _ _ d yourself b _ _ _ h.=@

In his first point of error, appellant complains that Athe trial court erred in failing to grant a continuance or a recess sufficient to obtain exculpatory or impeachment evidence.@ Appellant recognizes that he has a problem because his motion that the trial court denied was an unsworn oral motion.[2] Nevertheless, appellant argues that he is entitled to Areview on >equitable= rather than statutory grounds.@

---

[2] A criminal action may be continued on the *written* motion of the defendant for sufficient cause fully set forth in the motion. *See* Tex. Code Crim. Proc. Ann. art. 29.03 (West 1989). All motions for continuance must be *sworn to* by a person having personal knowledge of the facts relied upon for the continuance. *See id.* art. 29.08. A defendant=s motion for a continuance on the account of an absent witness must comply with the requirements of the Code of Criminal Procedure. *See id.* art. 29.06. An oral motion for continuance presents nothing for review. *See Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *O=Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); *see also Dixon v. State*, 64 S.W.3d 469, 472 (Tex. App.CAmarillo 2001, no pet.).

He cites *Darty v. State*, 193 S.W.2d 195, 195 (Tex. Crim. App. 1946); *Munoz v. State*, 24 S.W.3d 427, 431 (Tex. App.—Corpus Christi 2000, pet. ref=d); *White v. State*, 982 S.W.2d 642, 647 (Tex. App.—Texarkana 1998, pet. ref=d); *Deaton v. State*, 948 S.W.2d 371, 374 (Tex. App.—Beaumont 1997, no pet.).

However, in view of the record, appellant has another serious problem; he failed to file and present a motion for new trial, which is necessary to preserve for appellate review the matter about which he complains. The only means of preserving error in the overruling of a motion for continuance due to the absence of a witness is by a motion for new trial. *Taylor v. State*, 612 S.W.2d 566, 569 (Tex. Crim. App. 1981); *Lathan v. State*, 20 S.W.3d 63, 65 (Tex. App.—Texarkana 2000, no pet.); *Hackleman v. State*, 919 S.W.2d 440, 452 (Tex. App.—Austin 1996, pet. ref=d, untimely filed). It is not necessary to pass upon the court=s overruling of a motion for continuance unless a motion for new trial is presented alleging facts to support the error claimed. *See Varela v. State*, 561 S.W.2d 186, 191 (Tex. Crim. App. 1978); *see also Spencer v. State*, 503 S.W.2d 246, 247 (Tex. Crim. App. 1974); *Fields v. State*, 495 S.W.2d 926, 927 (Tex. Crim. App. 1973). The motion for new trial should allege that the witness would actually testify to the facts alleged in the motion for new trial. *See Varela*, 561 S.W.2d at 191. The affidavit of the witness must be attached to the motion for new trial. *Id*. A motion for new trial and attached affidavit are not self proving. *Taylor*, 612 S.W.2d at 570. The motion and affidavit or the testimony of the witness must be offered in evidence on the hearing of the motion for new trial. *Id*. Because the error claimed by appellant was not properly preserved for appellate review, we overrule appellant=s first point of error.

In his second point of error, appellant urges that "the trial court erred in failing to suppress appellant=s statements because they came after an illegal arrest." When appellant threatened Officer Neyens, Neyens made a contemporaneous memorandum of the words appellant used. When this written memorandum was offered in evidence, defense counsel affirmatively stated, "No Objection." After the memorandum was admitted in evidence, without objection, Officer Neyens read the memorandum to the jury. Although appellant filed a motion to suppress his threatening statement, he did not obtain the court=s ruling on the motion until after both the State and the defense had rested. Because there was not a *timely* objection to the admission of appellant=s statement, appellant waived the error he now asserts on appeal. *See* Tex. R. App. P. 33.1. Nothing is presented for review. Appellant=s second point of error is overruled.

In his third point of error, appellant insists that the trial court erred in failing to allow the jury to determine whether his arrest was lawful. He argues that pursuant to the provisions of the code of criminal procedure, he was entitled to have the issue submitted to the jury. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 2003).[3] Because appellant failed to object to the admission of his retaliatory statement

---

[3] **Art. 38.23. Evidence not to be used**

   (a)  No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

       In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

4

on grounds that he was unlawfully arrested, the question of his arrest became moot; no factual issues were presented for resolution by the jury. Moreover, appellant's retaliatory statement made after his arrest constituted a separate offense to the offense for which he was arrested. Even if appellant were unlawfully arrested, the resulting taint was sufficiently attenuated by the new and separate offense of retaliation; the retaliatory statement was admissible. *See Matienza v. State*, 699 S.W.2d 626, 628 (Tex. App.CDallas 1985, pet. ref=d) (unlawful stop of defendant purged by intervening offense when defendant fired gun at officer); *see also Holmes v. State*, 962 S.W.2d 663, 668-69 (Tex. App.CWaco 1998, pet. ref=d, untimely filed); *State v. Mitchell*, 848 S.W.2d 894, 896 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d); *Reed v. State*, 809 S.W.2d 940, 946 (Tex. App.CDallas 1991, no pet.). Appellant=s third point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Law, Justices Kidd and Dally[*]

Affirmed

_____

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 2003).

Filed:   April 24, 2003

Do Not Publish

*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).