**UNITED STATES of America**
v.
**George GROSS and Joseph Kiley, Defendants.**

United States District Court
S. D. New York.
June 9, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, John C. Lankenau, Asst. U. S. Atty., New York City, of counsel, for United States.

Sidney Meilman and Abraham Rosenfeld, New York City, for defendants.

DIMOCK, District Judge.

The United States moves under Rule 17(c), F.R.Crim.P., for inspection and copying of various records specified in a subpoena duces tecum served on defendants. These records consist of the payroll, time cards and piece work records for all employees of the Art Blouse and Scarf Co. for the period March 22, 1955, to March 19, 1957. The defendants cross-move for an order quashing the subpoena.

Rule 17(c) of the Federal Rules of Criminal Procedure provides as follows:

"A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made

promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

In April, 1958, the United States filed an information against the defendants charging three criminal violations of the Fair Labor Standards Act. Thereafter the defendants moved for a broad bill of particulars which was granted after extensive argument. The Government argues that it now makes this motion for inspection and copying in order to furnish the bill of particulars and in order to prepare the case for trial. Defendants argue that Rule 17(c) cannot be used for pre-trial discovery or to furnish a bill of particulars and that it has the limited function of procuring the production of papers for use in evidence at a trial.

There is much case support for the position defendants advocate, see United States v. Kiamie, D.C.S.D.N.Y., 18 F.R.D. 421, and cases cited therein, but I think the correct interpretation of Rule 17(c) is that it "purports to give what is in effect a right of discovery." United States v. Cohen, D.C.S.D.N.Y., 15 F.R.D. 269, 271.

In the celebrated Supreme Court decision dealing with the interplay of Rules 16 and 17(c), the Court reasoned that if a subpoena is directed towards a good-faith effort to obtain evidence there is no reason why such evidence may not be reached under Rule 17(c), even though not obtainable under Rule 16. Bowman Dairy Co. v. United States, 341 U.S. 214, 219–220, 71 S.Ct. 675, 95 L.Ed. 879. Indeed, the opinion approves a statement of Mr. G. Aaron Youngquist, Member of the Advisory Committee, Federal Rules of Criminal Procedure, at the Proceedings of the Institute on Federal Rules of Criminal Procedure, where he said that " 'while normally under a subpoena the books and other things called for would merely be brought into court at the time of the trial, let us say immediately before they are to be offered in evidence, there is a provision in this rule [Rule 17(c)] that the court may, in the proper case, direct that they be brought into court in advance of the time that they are offered in evidence, so that they may then be inspected in advance, for the purpose of course of enabling the party to see whether he can use it or whether he wants to use it.' " 341 U.S. 214, 220 (note 5), 71 S.Ct. 675, 678.

The requirements for obtaining documents under Rule 17(c) have been set forth in the leading case of United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335, 338, as follows:

"(1) That the documents are evidentiary and relevant;

"(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

"(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

"(4) That the application is made in good faith and is not intended as a general fishing expedition."

My task, therefore, is to decide whether these requirements have been met.

First, the documents are certainly relevant because they relate to the charges in the information. If it were argued that not every part of the documents is relevant because there are some entries in them that would not prove violations of the Fair Labor Standards Act, the answer is to be found in the statement of Mr. Youngquist, quoted in the Bowman Dairy case, supra, where he

said that allowing the Government to inspect the documents in advance of trial would serve the purpose of "enabling the party to see whether he can use it or whether he wants to use it." Certainly the Government cannot determine what entries it can or will use until it has had the opportunity to see the documents. The documents are competent since they are presumably kept in the ordinary course of business. Since they are required to be kept by law, Fair Labor Standards Act of 1938, § 11(c), 52 Stat. 1066–1067, 29 U.S.C. § 211(c), and 29 C.F.R. § 516.2, they are not privileged. Shapiro v. United States, 335 U.S. 1, 6 (note 4), 68 S.Ct. 1375, 92 L.Ed. 1787.

The second and third requirements are satisfied as it is clear that these documents are not otherwise procurable in advance of trial by the exercise of due diligence and that the Government could not properly prepare for trial without such production and inspection because the Government has been required to furnish a bill of particulars and cannot go to trial until this has been done. If the Government were to furnish the particulars with the information now in its possession and move for inspection during the course of the trial, an amended bill of particulars would have to be furnished and the trial would be unreasonably delayed.

Concerning the fourth requirement, I find that the motion is made in good faith and that it is an honest effort to obtain evidence for use on trial. It is not a general fishing expedition to determine whether a crime was committed because the affidavits of the Government show the prima facie evidence on which the information was based and the defendants themselves concede that "[i]t must be assumed that the Government had sufficient information and facts upon which to base the criminal information". The

documents called for are directly related to the charges contained in the information and for the precise period covered.

I do not mean to suggest that the Government has a right of discovery equal to that of a defendant under Rule 16, F.R.Crim.P. That Rule specifically states that inspection and copying may be ordered by the court upon motion of a defendant. If the Government was meant to have a similar right, the Rule would have so provided.

Nor can the Government use Rule 17(c) to obtain leads as to the existence of additional documentary evidence or to seek information relating to the defendant's case. This type of discovery, permissible under the Federal Rules of Civil Procedure, has not been authorized for criminal trials. What is allowed to the parties under Rule 17(c) is to obtain documents which are admissible in the sense that they are competent. Their relevance or irrelevance can be ascertained by the inspection after production which Mr. Youngquist referred to.

Defendants also argue that Rule 17(c) cannot be used by the Government but only by the defendant. The Rule, however, provides for inspection by the parties and their attorneys. I cannot ascribe any meaning to the word "parties" other than both the Government and the defense. It would strain the word to construe it to mean the defendants alone. This is doubly true here where Rule 16 makes the defendant the sole beneficiary of discovery and inspection but where Rule 17(c) departs from that language.

The motion of the Government for inspection and copying is granted.

The motion of defendants to quash the subpoenas is denied.

So ordered.