UNITED STATES of America, Plaintiff,

v.

Ian WOODNER, Defendant.

United States District Court
S. D. New York.
April 21, 1961.

See also 189 F.Supp. 355.

Robert M. Morgenthau, U. S. Atty. for the S. D. of New York, New York City, for plaintiff. David Klingsberg, Asst. U. S. Atty., New York City, of counsel.

Louis Bender, New York City, for defendant.

METZNER, District Judge.

The Government has moved under Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order directing that books, papers and documents designated in a subpoena duces tecum be produced for inspection by the Government prior to trial. Two indictments were filed against Ian Woodner, one charging evasion of income taxes for the year 1950 and the other charging evasion of income taxes for the years 1951, 1952 and 1953. The case has been marked ready for trial and has been adjourned until April 25, 1961, with the view toward setting a trial date on or about May 1st.

Defendant opposes this motion on several grounds, the first, that the remedy provided by Rule 17(c) is not available to the Government. Such is not the law. The wording of Rule 17(c) specifically states that "books, papers, documents or objects designated in the subpoena" may be produced in court at any time prior to the trial and that they may be inspected "by the parties or their attorneys." This clearly indicates that the procedure is available to both the plaintiff and the defendant. This is in contradistinction to the provisions of Rule 16, which specifically limit discovery and inspection to the defendant. See also United States v. Gross, D.C.S.D.N.Y.1959, 24 F.R.D. 138, 141; 4 Barron, Federal Practice and Procedure § 2044.

The purpose of Rule 17(c) is to allow either party to inspect such documents

"for the purpose of preventing delay during the trial, particularly in cases where numerous documents have been subpoenaed." Notes of the Advisory Committee on the Federal Rules of Criminal Procedure, Preliminary Draft (1943), pp. 104–105, 107–108.

Such is the case here, as indicated in the affidavit of Thomas O'Neil, defendant's accountant, wherein he states that:

"The huge volume of records and documents which exists, and the manner in which transactions were handled, bookkeeping and accounting wise, has made our assignment a more difficult, although not an insuperable one * * *"

While the Government admits that it has photostats and copies of some of the records, it does not have copies or abstracts in relation to all the records necessary for the trial. In this connection the case of United States v. Murray, cited by the defendant, is inapplicable.

**24**

Finally, it is no objection to this motion that it has been made on the eve of trial. A reading of Rule 17(c) indicates that production of the documents at such time is just what is contemplated. This is not a discovery proceeding, but merely a procedure to facilitate the trial of the case. Bowman Dairy Co. v. U. S., 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879.

In view of the fact that the accountant for the defendant has stated that he will complete his work on these records by May 1st, I will grant the motion on condition that the defendant need not comply with the subpoena until after this date. Since it will take time to have the documents collated and shipped to New York, defendant need not produce these documents until May 8th, 1961.

Since the Government indicates that it needs access to these books and records for only one week in order to adequately prepare for trial, I direct that, if the case is not sent out for trial by May 15, 1961, the records shall then be returned to the defendant.

So ordered.