UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward Mathew SCHOEN, III,
Defendant-Appellant.

No. 29672.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1970.

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

Raymond Burger, Oklahoma City, Okl., Gene E. Putnam, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before JONES, GEWIN and CLARK, Circuit Judges.

PER CURIAM:

The defendant, Edward Mathew Schoen, III, was indicted on three counts for receiving and concealing stolen television sets which constituted a part of an interstate shipment.[1] After a plea of not guilty, the cause was heard preliminarily on defendant's motion to suppress evidence obtained in separate searches of an automobile leased by the defendant, defendant's home, his office and space he had leased in a warehouse. After hearing lengthy and controverted testimony, the trial court entered findings of fact and concluded that the motion to suppress should be overruled in its entirety. Defendant offered no further proof on the case in chief.

Although an independent attack is made on each search, counsel for defendant, in oral argument before this court, with commendable candor and, we think, legal correctness, states that if the defendant validly consented to the search of his automobile, the determination of guilt and the sentence imposed by the trial court must be affirmed since the evidence obtained from the automobile would have supported the conviction separate and apart from the information come by in the remaining searches.

Our examination of the record discloses that the trial judge was faced with a direct conflict in the testimony of the defendant and Houston (Texas) Police Lieutenant William G. Sanders. Lieutenant Sanders testified that when he asked the defendant for permission to examine the car, the defendant asked if he had to agree, to which Lieutenant Sanders replied that he did not and that a search warrant could be obtained by the police. Lieutenant Sanders further testified that his response provoked a statement from the defendant to the effect that, "There is no need in that."; with which words the defendant obtained the keys from his mother or grandmother and unlocked the car for the police, thereupon disclosing to them equipment and documents that were sought to be suppressed.

It is the contention of the defendant in this court that we must regard the testimony of Lieutenant Sanders as incredible because, he claims, it is inconceivable that a man who has a car in his possession that contains incriminating evidence will give his consent to police officers to search the car, especially in the light of the defendant's statement that he had called his attorney when the police first arrived and received advice that he should not discuss anything with police officers or waive any of his rights. We flatly disagree. The defendant could have consented in order to deliberately affect a false air of innocence. He could also have felt that a consentaneous search would have been less thorough than a search on warrant. He could have hoped that the scraps of paper and brief notes would be disregarded as meaningless.

The conflicting testimony of the witnesses raised a credibility choice for the trier of fact. The trier of fact had the prerogative, as well as the duty, to resolve this choice and did so in these succinct words: "I am convinced that Lieutenant Sanders was telling the truth. And I am convinced that the defendant was not telling the truth. I am convinced that it happened just as Lieutenant Sanders said it happened and not as the defendant said it happened."

The judgment and commitment of the trial court is

Affirmed.

1. 18 U.S.C.A. § 659 (1966).