**In re Robert WILLOUGHBY, et al.**

Supreme Judicial Court of Maine.
Argued Jan. 7, 1985.
Decided Feb. 8, 1985.

Levey & Gleason, P.A., John S. Gleason (orally), Augusta, for plaintiff.

Wayne S. Moss (orally), Charles K. Leadbetter, Nicholas Gess, Thomas Goodwin, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Robert, Rita and Stacie Willoughby are respectively the father, mother and sister of Philip Willoughby who has been indicted on charges of murder, kidnapping, robbery and aggravated assault. Robert and Rita filed motions to quash trial subpoenas served by the State and Stacie filed a motion to dismiss a material witness complaint, each of them claiming a familial privilege against testifying adversely to Philip. The Willoughbys sought, alternatively, a protective order to preclude the disclosure of confidential communications. At a hearing on their motions, the Willoughbys were found to be in contempt for refusal to answer questions when directed by the Court to answer. The Willoughbys appeal the denial of their respective motions as well as the contempt order committing them to jail "pending the end of [Philip's] trial." We dismiss the appeals from the denial of the motions. However, we vacate the contempt order.

During the jury selection process but prior to the commencement of trial on the charges against Philip Willoughby, the motions here in issue were heard by the Superior Court. The Willoughbys argued that both the United States and Maine Constitutions protected them against being compelled to testify against Philip or, at the least, protected them against being compelled to disclose confidential familial communications. At an "in chambers" conference the court indicated that neither privilege had been recognized in Maine. The State's attorney and Philip Willoughby's attorney (the latter not participating in this appeal) made clear that they did not seek a ruling in limine either upon the witnesses' privilege or upon any privilege of the defendant. Because the court insisted that each witness make a personal claim of privilege, a hearing in the courtroom *in camera* was held. Following that hearing each of the motions was denied. Moreover, the court found that during the course of the hearing each of the witnesses had refused to testify "on matters which are not communications but which may be adverse" and ordered each witness "to be jailed pending the end of trial." The next day, on motion of the State, the trial of Philip Willoughby was postponed "to be rescheduled after decision on [these appeals]."

Robert Willoughby was found in contempt for refusing to answer the following question of the State's attorney propounded in an effort to determine the basis for Robert's assertion of a privilege:

Apart from whatever knowledge you may have gained with regard to this matter through the communications you claim are privileged or covered by a constitutional right as asserted here, do you have knowledge with regard to this case?

In order to explore whether Stacie Willoughby had waived any privilege by discussing with one Sharon Harriman the communications that Philip had made to Stacie, the State asked Stacie the following question: "Do you know Sharon Harriman?" The State had previously asked her mother, Rita Willoughby, the same question. Each woman refused to answer and was likewise held in contempt.

■ The procedure adopted by the parties herein is without support in Maine law. No practice or rule of procedure would enable a witness to obtain in advance of trial a ruling upon a claim of confidentiality of communications. Regardless whether a motion to quash will lie against a subpoena ad testificandum[1] on the ground of an adverse testimonial privilege, there could be no immediate appeal from the denial of the motion. We adhere to the principle announced in *State v. Grover*, 387 A.2d 21 (Me.1978), that we do not permit appeal from the denial of a motion to quash. Instead, the witness must appear at trial and testify or risk a finding of contempt. Only upon a judgment of contempt for refusing to testify at trial is the issue ripe for appeal. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). Accordingly, we dismiss the purported appeals from the denial of the appellants' motions.

■ The record before us is unclear as to the exact nature or purpose of the evidentiary hearing conducted by the court. The presiding justice had already ruled against any adverse testimonial privilege. The State asserts that it was entitled to explore the factual basis for the Willoughbys' claim of a confidential communications privilege. As we have previously held, however, such an exploration is left for the trial stage. In *State v. Nichols*, 325 A.2d 28, 31 (Me.1974), we held that the State could not compel the production of evidence prior to trial to test a claim of attorney-client privilege.[2] It follows that the questions asked of the Willoughbys in respect to a confidential communications privilege were premature and not material to the issue then properly before the trial court.

■ Moreover, the contempt commitments must be vacated because they were civil in nature. The court did not impose punishment upon the Willoughbys. Rather, they were committed to jail with the opportunity to purge their contempt by testifying at trial. The continued validity of these civil commitments depends upon the ability of the contemnors to comply with the court's order. *See Shillitani v. United States*, 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966). Compliance became impossible by virtue of the fact that the trial of Philip Willoughby never commenced. Should the Willoughbys be called as witnesses during Philip's trial, and should they again refuse to comply with the directives of the court, any commitment must be pursuant to a new order.

The entry is:

Contempt commitments vacated.

Appeals of Robert and Rita Willoughby from the denial of their motions to quash dismissed.

---

1. M.R.Crim.P. 17(c) provides that the court on motion may quash or modify a subpoena duces tecum.

2. We need not decide whether the addition of M.R.Crim.P. 12(c) changed the rule in *Nichols* because both the prosecution and the defense denied any intention to seek a ruling in limine on a confidential communications privilege.

Appeal of Stacie Willoughby from the denial of her motion to dismiss material witness complaint dismissed.

All concurring.

