STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
KENNEBEC, ss.                           AUGUSTA
                                        DOCKET NO. CD-CR-14-649


STATE OF MAINE


v.                                      **ORDER ON DEFENDANT'S**
                                        **MOTION FOR NEW TRIAL**


FAYSAL A. MOHAMED,
        Defendant

Oral argument was conducted before the undersigned on June 28, 2017 with respect to the Defendant's Motion For New Trial filed June 1, 2017. After listening to the arguments of counsel as well as reviewing pertinent case law and Rules 1[1] and 33[2] of the Unified Rules of Criminal Procedure, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Order** set forth below is based:

1.    Defendant plead guilty on June 4, 2015 to one count of Unlawful Possession of a Scheduled Drug, Class B (crack cocaine or cocaine base) and to one count of Falsifying Physical Evidence, Class D. A count of Unlawful Trafficking of Scheduled Drugs, Class B and a count of Violation of Conditions of Release, Class E were dismissed as part of a plea negotiation. Defendant received a sentence of five years to the Department of Corrections, all but 364 days suspended, with three years probation on the felony, with a sentence of six months, concurrent to the felony, on the misdemeanor. Defendant is not a U.S. citizen, but instead is considered a "Lawful Permanent Resident of the United States...", *see* Defendant's Exhibit 1 for more details.

---

[1] **(c) Procedure When None Specified.**
When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the United States or of the State of Maine, the Maine Rules of Criminal Procedure, these rules, or any applicable statutes.

[2] The Rule reads in part: The court on motion of the defendant may grant a new trial to the defendant if required in the interest of justice. If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony, and direct entry of a new judgment. A motion for a new trial based on any ground other than newly discovered evidence shall be made within 14 days after verdict or finding of guilty or within such further time as the court may fix during the 14-day period. Any motion for a new trial based on the ground of newly discovered evidence may be made only before, or within 2 years after, entry of the judgment in the Unified Criminal Docket.

2. On December 15, 2016 the Defendant admitted to violating his probation and received a sentence of 20 days with his probation to continue. The jail sentence was concurrent with two other matters, ALFSC-10-2004 and CUMB-CR-16-4830.

3. On or about August 26, 2016 deportation proceedings were initiated by the U.S. Department of Homeland Security against the Defendant. The charging instrument states that because Defendant was convicted of the aforementioned felony in this matter as well as subsequently convicted of a charge of Unlawful Trafficking in Scheduled Drugs on June 26, 2015 in the York County Superior Court "you are subject to removal from the United States..." citing sections of the Immigration and Nationality Act, *see* Defendant's Exhibit 1 for more details.

4. Counsel for Defendant contends that Defendant was taken into immigration custody and ordered deported as a result of the criminal convictions set out above. Counsel contends that Defendant received ineffective assistance of counsel in this matter because (a) he was not provided with a translator; (b) he was not adequately informed of the immigration consequences of his plea; and (c) he was given incorrect advice that he would not be deported to the Sudan, *see* Defendant's Motion For New Trial at ¶24.

5. As a result of the above, counsel argues that Defendant is entitled to a new trial pursuant to Rules 1 and 33 of the Rules of Unified Criminal Procedure. Defendant has apparently not sought relief pursuant to the post-conviction review statute. The undersigned addresses each contention of the Defendant below:

## I. *Defendant should have been provided with a translator*:

6. Counsel contends that because Defendant was provided with a translator in subsequent proceedings that there should have been a translator present at Defendant's Rule 11 proceeding on June 4, 2015. The Court disagrees. There is no indication in the Court's file that Defendant, who has lived in this country for nearly 18 years, ever indicated problems with his understanding of the English language prior to or during the Rule 11 hearing. No request for a translator was ever made to the Court. The Defendant did not exhibit any problems understanding what was occurring during his Rule 11 hearing before the undersigned, nor is there any indication that he had any problems understanding what occurred at his subsequent probation violation hearing over a year later. Finally, the State Forensic Service performed an evaluation of the Defendant on March 16, 2015, or less than three months prior to the Rule 11 hearing. The examiner spent over four hours with the Defendant. The examiner took an extensive history from the Defendant, indicating in their resulting report that the Defendant was "forthcoming and answered all questions asked of him...(H)is speech was fluent and easily understood...(H)is thought process was clear, coherent, and organized...", *see* Evaluation of the Defendant by Dr. Sarah Miller, Ph.D. dated March 16, 2015 for more details. There is nothing in the report that would support a contention that Defendant was in need of a translator for his Rule 11 hearing, and the Court does not find so now.

2

7.    Moreover, a review of the Rule 11 transcript of the plea involved in this matter provides no support for any contention that Defendant did not understand the process he was going through or did not understand the questions asked of him. Finally, a review of the Rule 11 hearing transcript of the Defendant's subsequent plea on June 26, 2015 raises serious questions in the mind of the undersigned as to why a translator was needed in that case as well.

II.  *Defendant was not adequately informed of the immigration consequences of his plea:*

8.    Counsel for Defendant contends that Defendant was never advised that his plea of guilty to drug possession made him subject to automatic deportation.

9.    A review of the transcript of the Rule 11 hearing in this matter discloses the following:

---Defendant's attorney told Defendant that there were serious immigration consequences for him that **will result** as a result of his plea (T at 3; emphasis added);

---Defendant's attorney stated that "convictions...carry immigration consequences that are very dire..." (T at 3);

---Defendant replied to the Court "No" when asked if he had any questions concerning what his attorney had told him and the Court regarding immigration consequences (T at 3);

---Defendant replied "Very much so" when asked if he was satisfied with his attorney's legal advice and assistance (T at 10);

---before the Court accepted the Defendant's guilty plea the Court again told the Defendant that it was "very important that you understand and acknowledge that you may well be deported because of this conviction..." to which the Defendant replied "Yes"; (T at 15).

10.    Defendant's Exhibit 1 indicates that Defendant was advised by DHS that he was **subject** to removal because of the felony conviction in this Court (emphasis added).

11.    The Court is satisfied that Defendant was appropriately advised of the immigration consequences of his plea before the undersigned.

III.  *Defendant was given incorrect advice that he would not be deported to the Sudan:*

12.    There is virtually no evidence in the record that even hints that Defendant was told he would not be deported; in fact he was affirmatively told

3

and acknowledged that serious immigration consequences would result as a result of his plea.

13.    A Motion for New Trial pursuant to Rule 33 based upon any ground other than newly discovered evidence must be made within 14 days after verdict or finding of guilty or within such further time as the court may fix during the 14-day period.  A Motion for New Trial based upon newly discovered evidence may be made either before or within 2 years after entry of judgment.  However, the Court finds such a motion inapposite in connection with the facts of this matter.  "Newly discovered evidence" has been defined as (1) evidence that is such as will probably change the result if a new trial is granted; (2) evidence that is discovered since the trial; (3) evidence that could not have been discovered before trial by the exercise of due diligence; (4) evidence that is material to the issue; and finally (5) evidence that is not merely cumulative or impeaching unless it is clear that such impeachment would have resulted in a different verdict.  *State v. Twardus*, 2013 ME 74; *State v. Ardolino*, 1999 ME 14.

14.    Rule 1(c) indeed states that "(W)hen no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the United States or of the State of Maine, the Maine Rules of Criminal Procedure, these Rules, or any applicable statutes."  However, the Law Court has stated that the rule is "not intended to encourage radical, uncommon, or unapproved techniques which might possibly be devised to deal with a particular area left untouched by the Rules."  *State v. Nichols*, 325 A.2d 28, 33 (Me. 1974).

15.    The undersigned finds that Defendant understood his rights during the Rule 11 hearing and made a conscious, informed decision to agree to a plea negotiation.  The undersigned also finds that the Defendant was competently represented by experienced criminal defense counsel and was **not** told that the consequences of his plea and resulting conviction would not result in deportation.  To the extent Defendant can try to seek relief through the avenue taken, the undersigned does not find that the pending motion must be granted "in the interests of justice" and accordingly **denies** the motion.[3]

**SO ORDERED.**

Date: 7/3/17

BY _____
Robert E. Mullen, **Deputy Chief Justice**
**Maine Superior Court**

---

[3] According to the transcript of the Rule 11 hearing the Defendant was told at the hearing that the maximum sentence for a Class B felony was five years in prison instead of 10 years in prison. This clear error played no role in the plea.

4

STATE OF MAINE
  vs
FAYSAL A MOHAMED
198 DEERING AVE APT 1
PORTLAND ME 04101

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2014-00649

**DOCKET RECORD**

DOB: 08/24/1984
Attorney: ROBERT LEVINE
       17 SOUTH STREET
       PORTLAND ME 04101
       RETAINED 06/01/2017

State's Attorney: MAEGHAN MALONEY

Filing Document: CRIMINAL COMPLAINT
Filing Date: 06/27/2014

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1  UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS   06/26/2014 WATERVILLE
Seq 8541  17-A  1103(1-A)(A)      Class B
  MCDONALD       / WAT

2  UNLAWFUL POSSESSION OF SCHEDULED DRUG   06/26/2014 WATERVILLE
Seq 8566  17-A  1107-A(1)(A)(2)    Class B
  MCDONALD       / WAT

3  FALSIFYING PHYSICAL EVIDENCE       06/26/2014 WATERVILLE
Seq 4832  17-A  455(1)(A)      Class D
  MCDONALD       / WAT

4  VIOLATING CONDITION OF RELEASE     06/26/2014 WATERVILLE
Seq 9632  15    1092(1)(A)      Class E
  MCDONALD       / WAT

## Docket Events:

06/27/2014 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 06/27/2014

06/27/2014 Charge(s): 1,2,3,4
      HEARING -  INITIAL APPEARANCE SCHEDULE OTHER COURT ON 06/27/2014 at 01:00 p.m.

      AUGDC
06/27/2014 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 06/27/2014

07/01/2014 Charge(s): 1,2,3,4
      HEARING -  INITIAL APPEARANCE HELD ON 06/27/2014
      ANDREW  BENSON , JUDGE
07/01/2014 Charge(s): 1,2,3,4
      HEARING -  STATUS CONFERENCE SCHEDULED FOR 08/19/2014 at 10:00 a.m.

07/01/2014 Charge(s): 1,2,3,4
      PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 06/27/2014

07/01/2014 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 06/27/2014
      ANDREW  BENSON , JUDGE
      NOT TO USE OR POSSESS ILLEGAL DRUGS OR ALCOHOLIC BEVERAGES, IN ORDER TO DETERMINE IF

VIOLATED SEARCH AT ANT TIME WITHOUT PROBABLE CAUSE, NOT DIRECT OR INDIRECT CONTACT WITH ELIJAH WALLACE 9/14/96, ALISHA BLUMENTHAL 4/11/95, NASAR ZACHARIA 1/1/95, FAYSAL MOHAMED 8/24/84, NOT TO ENTER RESIDENCE, PLACE OF EMPLOYMENT, PLACE OF EDUCATION, TO RESIDE WITH PARENTS AT 198 DEERING AVE PORTLAND

07/08/2014 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/07/2014
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL

07/08/2014 Party(s):  FAYSAL A MOHAMED
ATTORNEY -  APPOINTED ORDERED ON 07/07/2014

Attorney:  DAVID SINCLAIR

07/08/2014 Charge(s): 1,2,3,4
HEARING -  STATUS CONFERENCE NOTICE SENT ON 07/08/2014

07/11/2014 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/10/2014

07/17/2014 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/15/2014
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL

08/20/2014 Charge(s): 1,2,3,4
HEARING -  STATUS CONFERENCE HELD ON 08/19/2014
DANIEL I BILLINGS , JUSTICE

08/20/2014 BAIL BOND - $2,500.00 CASH BAIL BOND SET BY COURT ON 08/19/2014
DANIEL I BILLINGS , JUSTICE
NO USE/POSS OF ALCHOLIC BEV OR ILLEGAL DRUGS..TO BE SEARCHED AND TESTED AT ANY TIME..NO CONTACT W/ELIJAH WALLACE, ALSHIA BLUMENTHAL, NASAR ZACHAVIA..MUST RESIDE AT 198 ERREING AVE PORTLAND MAINE

08/20/2014 Charge(s): 1,2,3,4
HEARING -  STATUS CONFERENCE SCHEDULED FOR 09/09/2014 at 10:00 a.m.

08/20/2014 Charge(s): 1,2,3,4
HEARING -  STATUS CONFERENCE NOTICE SENT ON 08/20/2014

08/25/2014 Charge(s): 1,2,3,4
SUPPLEMENTAL FILING -  INDICTMENT FILED ON 08/13/2014

08/25/2014 Charge(s): 1,2,3,4
HEARING -  ARRAIGNMENT SCHEDULED FOR 09/09/2014 at 10:00 a.m.

08/25/2014 Charge(s): 1,2,3,4
HEARING -  ARRAIGNMENT NOTICE SENT ON 08/25/2014

08/25/2014 Charge(s): 1,2,3,4
HEARING -  STATUS CONFERENCE NOT HELD ON 08/25/2014

09/09/2014 Charge(s): 1,2,3,4
HEARING -  ARRAIGNMENT HELD ON 09/09/2014
ROBERT E MULLEN , JUSTICE
READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO DEFENDANT.  21 DAYS TO FILE MOTIONS

09/09/2014 Charge(s): 1,2,3,4
PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 09/09/2014

09/09/2014 TRIAL - DOCKET CALL SCHEDULED FOR 12/02/2014 at 02:30 p.m.

12/01/2014 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/01/2014

12/07/2014 MOTION - MOTION TO CONTINUE GRANTED ON 12/01/2014
           DANIEL I BILLINGS , JUSTICE
           COPY TO PARTIES/COUNSEL
12/07/2014 TRIAL - DOCKET CALL CONTINUED ON 12/02/2014

12/07/2014 Charge(s): 1,2,3,4
           TRIAL - DOCKET CALL SCHEDULED FOR 01/06/2015 at 01:45 p.m.

12/23/2014 LETTER - FROM PARTY FILED ON 12/23/2014

           LETTER FROM DEFENDANT REQUESTING A NEW ATTORNEY, COPY SENT TO DEFENSE ATTORNEY
01/06/2015 Charge(s): 1,2,3,4
           TRIAL - DOCKET CALL CONTINUED ON 01/06/2015
           M MICHAELA MURPHY , JUSTICE
01/06/2015 TRIAL - DOCKET CALL SCHEDULED FOR 02/03/2015 at 02:00 p.m.

01/06/2015 Party(s): FAYSAL A MOHAMED
           ATTORNEY - WITHDRAWN ORDERED ON 01/06/2015

           Attorney: DAVID SINCLAIR
01/06/2015 Party(s): FAYSAL A MOHAMED
           ATTORNEY - APPOINTED ORDERED ON 01/06/2015

           Attorney: LISA WHITTIER
01/21/2015 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/21/2015

01/26/2015 MOTION - MOTION FOR MENTAL EXAMINATION FILED BY DEFENDANT ON 01/20/2015

01/29/2015 MOTION - MOTION TO CONTINUE GRANTED ON 01/21/2015
           ROBERT E MULLEN , JUSTICE
           COPY TO PARTIES/COUNSEL
01/29/2015 TRIAL - DOCKET CALL CONTINUED ON 01/21/2015
           ROBERT E MULLEN , JUSTICE
01/29/2015 TRIAL - DOCKET CALL SCHEDULED FOR 04/08/2015 at 10:30 a.m. in Room No. 1

01/29/2015 MOTION - MOTION FOR MENTAL EXAMINATION GRANTED ON 01/28/2015
           M MICHAELA MURPHY , JUSTICE
           COPY SENT TO STATE FORENSIC SERVICE
01/29/2015 PSYCHIATRIC EXAM - ORDER MENTAL EXAM-OTHER ISSUES ENTERED ON 01/28/2015
           M MICHAELA MURPHY , JUSTICE
           COPY FAXED TO STATE FORENSIC AND COPY TO ATTY AND ADA ON 1/29/15.
02/09/2015 LETTER - FROM NON-PARTY FILED ON 02/09/2015

           NOTICE FOR EXAMINATION SCHEDULED FOR 2/12/15 AT10:00 AM.
03/10/2015 SUPPLEMENTAL FILING - PETITION FILED ON 03/09/2015

           PETITION FOR DE NOVO BAIL FILED BY DEF. COPY MAILED TO ATTY ON 3/10/15.
03/25/2015 PSYCHIATRIC EXAM - ORDER MENTAL EXAM-OTHER ISSUES REPORT FILED ON 03/25/2015

COPY TO DA AND ATTY WHITTIER THIS DATE

04/02/2015 Charge(s): 1,2,3,4
      MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 03/31/2015


04/10/2015 Charge(s): 1,2,3,4
      MOTION -  MOTION TO CONTINUE GRANTED ON 04/03/2015
      VALERIE  STANFILL , JUDGE
      COPY TO PARTIES/COUNSEL
04/10/2015 TRIAL -  DOCKET CALL CONTINUED ON 04/08/2015


04/10/2015 TRIAL -  DOCKET CALL SCHEDULED FOR 05/06/2015 at 01:00 p.m. in Room No.  1


04/22/2015 Charge(s): 1,2,3,4
      HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 04/23/2015 at 08:30 a.m. in Room No.  1


04/24/2015 Charge(s): 1,2,3,4
      HEARING -  DISPOSITIONAL CONFERENCE NOT HELD ON 04/23/2015


05/06/2015 TRIAL -  DOCKET CALL HELD ON 05/06/2015
      DONALD H MARDEN , JUSTICE
05/06/2015 Charge(s): 1,2,3,4
      TRIAL -  DOCKET CALL SCHEDULED FOR 06/03/2015 at 02:30 p.m. in Room No.  1


06/03/2015 Charge(s): 1,2,3,4
      HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 06/04/2015


06/09/2015 Charge(s): 1,2,3,4
      TRIAL -  DOCKET CALL NOT HELD ON 06/09/2015


06/09/2015 Charge(s): 1,2,3,4
      HEARING -  DISPOSITIONAL CONFERENCE NOT HELD ON 06/09/2015


06/09/2015 Charge(s): 2,3
      HEARING -  RULE 11 HEARING HELD ON 06/04/2015
      ROBERT E MULLEN , JUSTICE
      READING WAIVED
06/09/2015 Charge(s): 2,3
      PLEA -  GUILTY ENTERED BY DEFENDANT ON 06/04/2015


06/09/2015 Charge(s): 2,3
      PLEA -  GUILTY ACCEPTED BY COURT ON 06/04/2015
      ROBERT E MULLEN , JUSTICE
06/09/2015 Charge(s): 2,3
      FINDING -  GUILTY ENTERED BY COURT ON 06/04/2015
      ROBERT E MULLEN , JUSTICE
06/09/2015 Charge(s): 1,4
      FINDING -  DIS BY DA/AG-PLED OTHER CHARGE ENTERED ON 06/04/2015
      ROBERT E MULLEN , JUSTICE
06/09/2015 Charge(s): 2
      RULING -  ORIGINAL ORDERED ON 06/04/2015
      ROBERT E MULLEN , JUSTICE
      It is adjudged that the defendant is guilty of 2 UNLAWFUL POSSESSION OF SCHEDULED DRUG 17-A
      1107-A(1)(A)(2) Class B as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 5 year(s).

It is ordered that all but 364 day(s) of the sentence as it relates to confinement be suspended.

The defendant shall serve the initial portion of the foregoing sentence at the Department Of Corrections in .

It is ordered that the defendant be placed on a period of probation for a term of 3 year(s) upon conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.

$ 35 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 35.00.**

## Special Conditions of Probation:

1.  refrain from all criminal conduct and violation of federal, state and local laws.
2.  report to the probation officer immediately and thereafter as directed and within 48 hours of your release from jail.
3.  answer all questions by your probation officer and permit the officer to visit you at your home or elsewhere.
4.  obtain permission from your probation officer before changing your address or employment.
5.  not leave the State of Maine without written permission of your probation officer.
6.  maintain employment and devote yourself to an approved employment or education program.
7.  not possess or use any unlawful drugs and not possess or use alcohol.
8.  identify yourself as a probationer to any law enforcement officer if you are arrested, detained or questioned for any reason and notify your probation officer of that contact within 24 hours.
9.  waive extradition back to the State of Maine from any other place.
10. not own, possess or use any firearm or dangerous weapon if you have ever been convicted of a crime in any jurisdiction with a potential penalty of one year or more or any crime involving domestic violence or the use of a firearm or dangerous weapon.
11. pay to the Department of Corrections a supervision fee of $       10.00 per month.

12a. provide a DNA sample if convicted of applicable offense listed in 25 MRSA Section 1574.
submit to random search and testing for alcohol at the direction of a law enforcement officer.
submit to random search and testing for drugs at the direction of a law enforcement officer.

Have no contact of any kind with ELIJAH WALLACE and the family of said person.
Have no contact of any kind with ALISHA BLUMENTHAL and the family of said person.
Have no contact of any kind with JAMES CARTER and the family of said person.
Have no contact of any kind with NASAR ZACKMAN and the family of said person.
06/09/2015 Charge(s): 2
RULING - ORIGINAL ISSUED ON 06/04/2015
ROBERT E MULLEN , JUSTICE
DEFENDANT ACKNOWLEDGES RECEIPT
06/09/2015 Charge(s): 3
RULING - ORIGINAL ORDERED ON 06/04/2015
ROBERT E MULLEN , JUSTICE
It is adjudged that the defendant is guilty of 3 FALSIFYING PHYSICAL EVIDENCE 17-A 455(1)(A) Class D as charged and convicted.

The defendant is sentenced to the KENNEBEC COUNTY JAIL for a term of 6 month(s).

The defendant shall serve the initial portion of the foregoing sentence at the county jail in .

$ 20 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 20.00.**

06/09/2015 Charge(s): 3
RULING - ORIGINAL ISSUED ON 06/04/2015
ROBERT E MULLEN , JUSTICE
DEFENDANT ACKNOWLEDGES RECEIPT
06/09/2015 OTHER FILING - FINE PAYMENT SCHEDULE ORDERED ON 06/09/2015

INSTALLMENT PYMTS: 0;DAILY: F;WEEKLY: F;BI-WEEKLY: F;MONTHLY: F;BI-MONTHLY: F;PYMT BEGIN:
AT 0;PYMT IN FULL: 20150724 AT 830;THRU PPO: F;PYMT DUE AMT: 55;PMT DUE: 20150724 AT
830;OTHER:
08/17/2016 Charge(s): 2
FILING DOCUMENT - FIRST MOTION PROB REVOCATION FILED ON 08/16/2016

JOHANNA ROZZI
TOGETHER WITH AFFIDAVIT IN SUPPORT OF PC
08/17/2016 Party(s): FAYSAL A MOHAMED
ATTORNEY - REMOVAL ORDERED ON 08/16/2016

Attorney: LISA WHITTIER
08/17/2016 Charge(s): 2
HEARING - PV INITIAL APPEARANCE SCHEDULE OTHER COURT ON 08/19/2016 at 08:30 a.m. in Room No.   1

CUMCD
08/17/2016 Charge(s): 2
MOTION - MOTION TO TRANSFER FILED BY STATE ON 08/16/2016

JOHANNA ROZZI
08/19/2016 Charge(s): 2
HEARING - PV INITIAL APPEARANCE HELD ON 08/19/2016 in Room No.   1
ROLAND A COLE , JUSTICE
DA: AMANDA DOHERTY
Defendant Present in Court

FTR 1                                                                                          W/ DISPO ON 16-
4830
08/19/2016 Charge(s): 2
PLEA - DENY ENTERED BY DEFENDANT ON 08/19/2016

08/19/2016 Party(s): FAYSAL A MOHAMED
ATTORNEY - APPOINTED ORDERED ON 08/19/2016

Attorney: TAYLOR SAMPSON
08/19/2016 BAIL BOND - PR BAIL BOND SET BY COURT ON 08/19/2016
ROLAND A COLE , JUSTICE
08/19/2016 BAIL BOND - PR BAIL BOND COND RELEASE ISSUED ON 08/19/2016

08/19/2016 Charge(s): 2
MOTION - MOTION TO TRANSFER GRANTED ON 08/19/2016
ROLAND A COLE , JUSTICE

08/23/2016 Charge(s): 1,2,3,4
TRANSFER - TEMPORARY TRANSFER TRANSFERRED ON 08/23/2016

08/24/2016 Charge(s): 1,2,3,4
TRANSFER - TEMPORARY TRANSFER RECVD BY COURT ON 08/24/2016
DANIELLE MERRILL , ASSISTANT CLERK
CUMCD
08/25/2016 OTHER FILING - PRETRIAL SERVICES CONTRACT FILED ON 08/25/2016

08/25/2016 OTHER FILING - PRETRIAL SERVICES CONTRACT APPROVED ON 08/25/2016
ROLAND A COLE , JUSTICE
08/31/2016 BAIL BOND - PR BAIL BOND FILED ON 08/30/2016

Date Bailed: 08/25/2016
409
11/01/2016 HEARING - SENTENCE HEARING SCHEDULE OTHER COURT ON 11/10/2016 in Room No. 7

CUMCD
11/10/2016 HEARING - SENTENCE HEARING CONTINUED ON 11/10/2016

11/10/2016 Charge(s): 2
HEARING - SENTENCE HEARING SCHEDULE OTHER COURT ON 12/15/2016 in Room No. 7

CUMCD                                                                           W/ DISPO ON 16-
4830
12/16/2016 BAIL BOND - PR BAIL BOND BAIL RELEASED ON 12/16/2016
DANIELLE MERRILL , ASSISTANT CLERK
Date Bailed: 08/25/2016
409
12/16/2016 BAIL BOND - PR BAIL BOND RELEASE ACKNOWLEDGED ON 12/16/2016

Date Bailed: 08/25/2016
409
12/19/2016 Charge(s): 2
HEARING - SENTENCE HEARING HELD ON 12/15/2016 in Room No. 1
PAUL A FRITZSCHE , JUSTICE
Attorney: TAYLOR SAMPSON
DA: MEGHAN CONNELLY
Defendant Present in Court

                                                                                FTR 1
12/19/2016 Charge(s): 2
PLEA - ADMIT ENTERED BY DEFENDANT ON 12/15/2016

ALLEGATION #1, 2-5 DISM
12/19/2016 Charge(s): 2
FINDING - PROBATION VIOLATED ENTERED BY COURT ON 12/15/2016 in Room No. 1
PAUL A FRITZSCHE , JUSTICE
Defendant Present in Court
12/19/2016 Charge(s): 2
RULING - PROBATION REVOCATION ORDERED ON 12/15/2016 in Room No. 1
PAUL A FRITZSCHE , JUSTICE
Defendant Present in Court

This sentence to be served concurrently with: ALFSCCR201002004  Charge: 1
This sentence to be served concurrently with: CUMCDCR201604830  Charge: 1

It is adjudged that the defendant has violated one or more of the conditions of probation
attached to the judgment, and it is ORDERED that the order of probation contained in the
judgment of this court in this case, is hereby partially revoked.

The court orders that the defendant serve 20 Day(s) of the suspended portion of the sentence and
that the probationary period continue in effect as provided by law.
12/19/2016 Charge(s): 2
RULING - PROBATION REVOCATION ISSUED ON 12/15/2016 in Room No.  1
PAUL A FRITZSCHE , JUSTICE
05/19/2017 OTHER FILING - OTHER DOCUMENT FILED ON 05/18/2017

REQUEST FOR A CD OF TRANSCRIPT- PAID FOR BY ATTY
06/02/2017 Charge(s): 1,2,3,4
TRANSFER - TEMPORARY TRANSFER RETURN TO ORIG COURT ON 06/02/2017
DANIELLE  MERRILL , ASSISTANT CLERK
06/02/2017 MOTION - MOTION FOR NEW TRIAL FILED BY DEFENDANT ON 06/01/2017

DA:  ROBERT LEVINE
06/02/2017 OTHER FILING - OTHER DOCUMENT FILED ON 06/01/2017

Attorney:  ROBERT LEVINE
TRANSCRIPT ORDER FORM - SENTENCING 6/4/15                                        SCANNED TO
TRANSCRIPT DEPARTMENT
06/07/2017 OTHER FILING - OTHER DOCUMENT FILED ON 06/07/2017

DA:  PAUL CAVANAUGH
STATE OPPOSES MOTION FOR NEW TRIAL
06/07/2017 Charge(s): 1,2,3,4
TRANSFER - TEMPORARY TRANSFER RECVD BY ORIG COURT ON 06/07/2017

06/08/2017 CASE STATUS - CASE FILE LOCATION ON 06/08/2017

ON ROXANNE'S DESK FOR SCHEDULING
06/08/2017 LETTER - FROM PARTY FILED ON 06/08/2017

Attorney:  ROBERT LEVINE
COPY OF LETTER FROM IMMIGRATION TO ATTY MARK RUSSO
                                                        SCANNED TO J MULLEN
06/09/2017 OTHER FILING - TRANSCRIPT FILED ON 06/09/2017

06/12/2017 HEARING - MOTION FOR NEW TRIAL SCHEDULED FOR 06/28/2017 at 09:00 a.m. in Room No.  3

NOTICE  TO PARTIES/COUNSEL
06/12/2017 HEARING - MOTION FOR NEW TRIAL NOTICE SENT ON 06/12/2017

06/12/2017 Party(s): FAYSAL A MOHAMED
ATTORNEY - RETAINED ENTERED ON 06/01/2017

Attorney:  ROBERT LEVINE
06/15/2017 CASE STATUS - CASE FILE RETURNED ON 06/12/2017

06/28/2017 HEARING -  MOTION FOR NEW TRIAL HELD ON 06/28/2017
          ROBERT E MULLEN , JUSTICE
          Attorney:  ROBERT LEVINE
          DA:  PAUL CAVANAUGH
06/28/2017 MOTION -  MOTION FOR NEW TRIAL UNDER ADVISEMENT ON 06/28/2017
          ROBERT E MULLEN , JUSTICE
06/28/2017 CASE STATUS -  CASE FILE LOCATION ON 06/28/2017
          ROBERT E MULLEN , JUSTICE
          W/ JUSTICE MULLEN
07/03/2017 MOTION -  MOTION FOR NEW TRIAL DENIED ON 07/03/2017
          ROBERT E MULLEN , JUSTICE
07/03/2017 CASE STATUS -  CASE FILE RETURNED ON 07/03/2017

07/03/2017 ORDER -  COURT ORDER ENTERED ON 07/03/2017
          ROBERT E MULLEN , JUSTICE
          ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL

                                        TO THE EXTEND DEFT CAN TRY TO
   SEEK RELIEF THROUGH THE AVENUE TAKEN, THE UNDERSIGNED DOES NOT FIND THAT THE PENDING
   MOTION MUST BE GRANTED "IN THE INTERESTS OF JUSTICE" AND ACCORDINGLY DENIES THE MOTION.

       COPY TO ATTYS LEVINE & CAVANAUGH & REPOSITORIES


   **Receipts**
   07/23/2015  Case Payment        $55.00        CA       paid.

**FINE PAYMENT SCHEDULE**
Execution/payment stayed to pay in full by 07/24/2015 or warrant to issue.


A TRUE COPY
ATTEST:  _____
                    Clerk